Clerk's Office
Filed Date: 12/3/2020
1:20 PM
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MEB/AS
F. #2020R00957

271 Cadman Plaza East
Brooklyn, New York 11201

November 24, 2020

**TO BE FILED UNDER SEAL**

BY HAND DELIVERY AND E-MAIL

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Application Granted
SO ORDERED
Brooklyn, New York
Dated: 11/25/2020

s/Eric N. Vitaliano
_____
**Eric N. Vitaliano**
**United States District Judge**

Re: United States v. Vitol Inc.
Criminal Docket Num 20 CR 539

Dear Judge Vitaliano:

      The parties jointly submit this letter to request that the Court keep the docket in the above-captioned matter sealed until December 3, 2020. On that day, the parties are scheduled to appear before the Court for a hearing, at which the defendant company, Vitol Inc., is expected to waive indictment, exclude time under the Speedy Trial Act, and enter into a deferred prosecution agreement with the government for its conduct involving the bribery of government officials in Brazil, Ecuador and Mexico to obtain and retain business, in violation of the Foreign Corrupt Practices Act ("FCPA"). The government will provide the Court with copies of all the relevant documents later this week.

      To be clear, the parties are not seeking courtroom closure, nor are the parties seeking to have the defendant designated as "John Doe." However, to the extent the filing of the government's documents today immediately opens a new public docket, the parties are respectfully asking that the Court keep the docket sealed until the time of the hearing, so that the defendant's identity could be publicly discovered until December 3, 2020. There are several reasons for this request. First, because the defendant has not yet been charged by indictment or information, there is not currently a case pending against the company. While the government anticipates that the company will enter into a deferred prosecution agreement, those documents have not yet been finalized and the defendant retains the option to maintain its innocence. As a result, it is preferable to avoid publicly disclosing the existence of a potential case against the defendant unless and until the defendant waives its right to proceed by indictment. Second, premature disclosure of the <u>fact</u> of criminal resolution with the company, without the corresponding context of the details of the resolution (which will be set forth in the deferred prosecution agreement), could have significant adverse collateral consequences for the company.

The government also notes that the Judge Matsumoto took a similar approach in connection with corporate resolutions in United States v. TechnipFMC plc, 19-CR-278 (KAM), and this Court did the same in United States v. Sargeant Marine Inc., 20-CR-363 (ENV).

For these reasons, the parties jointly request that this application be filed under seal, and that the docket for the above-captioned case remain under seal and the name of the defendant in the case not be publicly disclosed until the time of the scheduled hearing on December 3, 2020.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By: /s/ Mark E. Bini
Mark E. Bini
Andrey Spektor
Assistant U.S. Attorneys
(718) 254-7000

cc: Defense Counsel (by email)